United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    SARAH J KUHL,                              Case No.  23-cv-05604-LJC

8                   Plaintiff,

9           v.                                  **ORDER REGARDING MOTION TO
                                                DISMISS SECOND AMENDED
10   DOUGLAS COLLINS,                           COMPLAINT**

                    Defendant.                  Re: Dkt. No. 51
11

12   **I.      INTRODUCTION**

13          Plaintiff Sarah Kuhl, a physician proceeding pro se, brings this action against Defendant

14   Douglas Collins, Secretary of Veterans Affairs (the Secretary), asserting claims arising out of

15   Kuhl's employment with the Department of Veterans Affairs (the VA).  The Secretary now moves

16   to dismiss Kuhl's Second Amended Complaint.[1]  The Court previously found the matter suitable

17   for resolution without oral argument and vacated the hearing that had been set for August 19,

18   2025.  ECF No. 58.  For the reasons discussed below, the Secretary's Motion is GRANTED, and

19   Kuhl's Second Amended Complaint is DISMISSED.[2]

20          If Kuhl wishes to pursue this case, she must file a motion for leave to amend, as described

21   below, no later than September 9, 2025.

22   **II.     BACKGROUND**

23          **A.      Previous Orders and Procedural History**

24          The Court has granted, in whole or in part, two previous motions by the Secretary to

25

26   _____

[1] The complaint at issue, ECF No. 50, is captioned merely as an "Amended Complaint."  Because
27   Kuhl previously filed a different amended complaint, this Order refers to the most recent
     complaint as the Second Amended Complaint (or SAC).
28   [2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28
     U.S.C. § 636(c).

United States District Court
Northern District of California

1   dismiss previous complaints by Kuhl.  In the first of those Orders, the Court dismissed claims that

2   Kuhl asserted under the Age Discrimination in Employment Act and Title VII of the Civil Rights

3   Act of 1964 for failure to allege timely exhaustion of administrative remedies, and because Kuhl's

4   hostile work environment theories under those statutes relied improperly on alleged conduct better

5   characterized as discrete acts of discrimination.  ECF No. 29 at 11–16.[3]  The Court declined to

6   dismiss other claims that the Secretary failed to address.  *Id.* at 16–17.

7          Kuhl filed an Amended Complaint, which the Court dismissed for failure to assert any

8   legal claims at all, in part because the Court was not permitted to look back to the original

9   Complaint to attempt to discern what claims Kuhl might have intended to assert.  ECF No. 49 at

10   8–10.  "To provide guidance for any further amended complaint, the Court briefly addresse[d]

11   some of the other arguments the parties . . . made regarding the Title VII and ADEA claims Kuhl

12   may have intended to raise."  *Id.* at 10.  The Court again discussed issues of administrative

13   exhaustion, the limitations of hostile work environment claims, and time limits to initiate

14   administrative proceedings or file a claim.  *Id.* at 10–14.  The Court also "note[d] once again that

15   Kuhl has not alleged any facts supporting the conclusion that her mistreatment was based on her

16   age or sex, or any other protected class."  *Id.* at 14.  The Court admonished Kuhl that "[a]nother

17   failed attempt to amend to state a viable claim may lead the Court to conclude that further

18   amendment would be futile."  *Id.* at 10.

19          Kuhl filed her Second Amended Complaint on May 8, 2025.  *See generally* 2d Am.

20   Compl. (SAC, ECF No. 50).

21          **B.     Allegations of the Second Amended Complaint**

22          Because a plaintiff's factual allegations (but not conclusions of law, or mere recitations of

23   the elements of a cause of action) are generally taken as true in resolving a motion to dismiss

24   under Rule 12(b)(6), this section summarizes the allegations of Kuhl's Second Amended

25   Complaint as if true.  Nothing in this Order should be construed as resolving any question of fact

26   that might be disputed.

27

28   [3] Citations herein to documents filed in the record of this case refer to page numbers as assigned by the ECF filing system.

United States District Court
Northern District of California

1    Kuhl has worked as a physician-scientist for the VA since 1998.  SAC at 2.  Her Second

2    Amended Complaint is organized into five claims.

3    In her first claim, Kuhl alleges that she "was a part-time allergy and infectious disease

4    specialist at Sacramento VA" from December 1998 to May 2008, where she received excellent

5    reviews and served as chief of infectious disease and co-chair of infection control, "but did not

6    receive equal pay for equal work or equal nursing assistance [or research or teaching time] as male

7    colleagues in infectious disease and hepatitis C."  SAC at 2.[4]  Her position was not renewed in

8    May 2008, for exaggerated or false reasons that "did not meet VA criteria for removal."  *Id.*  Kuhl

9    "filed EEO twice against Dr[.] Siegel, chief of medicine, and believe[s] there was subsequent

10   ongoing retaliation or reprisal regarding [her] employment."  *Id.*  She also asserts that if she had

11   "received equal pay for equal work, [her] job would have been protected by [the] Merit Systems

12   Protection Board."  *Id.*  According to Kuhl, "[t]his is a violation of Equal Pay Act, Civil Service

13   Reform Act of 1978, and since 2009, the Lil[l]y Ledbetter Fair Pay Act."  *Id.*

14   In her second claim, Kuhl asserts that she "should receive paid research time to similar to

15   [her] colleagues."  *Id.*  She did not receive research time from a funded NIH grant for which she

16   was the primary author regarding magnesium and asthma, though she "was eventually paid

17   $10,000 for writing the grant."  *Id.*  She notes that she is a leader in the field of bacteriophage

18   therapy and has "tr[ied] to bring this work to VA," implying that requests for funding to do so

19   have been denied.  *Id.* at 2–3.  Kuhl asserts violations of the Equal Pay Act and the Lilly Ledbetter

20   Fair Pay Act.  *Id.* at 3.

21   In her third claim, Kuhl asserts that her clinic work from July 2008 to January 2018

22   "should have been part-time instead of fee basis," and that she should have received additional

23   compensation and benefits.  *Id.*  Her "successor as well as the allergist in Redding are paid much

24

25   [4] The Secretary contends that "the Motion"—apparently an erroneous reference to Kuhl's Second
     Amended Complaint—is not structured in numbered paragraphs as required by Rule 10(b) of the
26   Federal Rules of Civil Procedure and this Court's previous Order noting that rule.  ECF No. 51 at
     5 n.3.  Though Kuhl has not used the usual structure of continuously numbered paragraphs stating
27   facts and legal claims, she appears to have attempted to comply with Rule 10(b) by presenting the
     bulk of her Second Amended Complaint as a series of numbered, single-paragraph "claims."  This
28   Order does not rely on any such error of form as a basis for dismissal, and cites Kuhl's Second
     Amended Complaint by page number.

1    more part-time and have much more nursing assistance." *Id.* She faced false allegations and a

2    proposed reprimand when she "asked for the usual 8 hours." *Id.* Kuhl asserts violations of the

3    "Equal Pay Act, Lil[l]y Ledbetter Fair Pay Act, and CFR Title 38 7405." *Id.*

4         In her fourth claim, Kuhl asserts that her "regularly scheduled tour of duty Fridays 10

5    hours in Martinez urgent care 2010-2011 should have been part-time with benefits," thus violating

6    the same statutes and regulation as her third claim above. *Id.*

7         In her fifth and final claim, Kuhl asserts that her "part-time position in urgent care from

8    2016 should have been permanent part time, similar to [the] male provider who took 0.75 of the

9    position." *Id.* Kuhl's position is considered only 0.25 full-time equivalent (FTE) even though she

10   has "worked 0.5 FTE or more from the pandemic in 2020 until recently." *Id.* She has only once

11   received a bonus for the actual time she worked, and she believes that her retirement benefits will

12   be based on the lesser listed FTE value rather than her actual time worked. *Id.* A human

13   resources employee, Crystal Keeler, "would not give [Kuhl] the position number and falsely

14   claimed [she] did not compete for the position." *Id.* Keeler also started Kuhl at Step 1

15   (presumably referring to government salary ratings) when Kuhl started in that position in 2016,

16   even though Keeler was aware of Kuhl's previous service. *Id.* at 4. Kuhl learned of that that issue

17   in 2020 and it "was partially corrected in 2022." *Id.* Kuhl asserts violations of the "Equal Pay

18   Act, Lil[l]y Ledbetter Fair Pay Act, and VA retirement policy." *Id.*

19        Kuhl seeks back pay, interest, Thrift Savings Plan contributions, payment for research

20   time, "FTE to reflect actual time worked," a permanent position rated at least 0.25 FTE, and for

21   the record to reflect that she has generally received positive evaluations and has faced harassment.

22   *Id.*

23        **C.    The Parties' Arguments**

24             **1.    The Secretary's Motion**

25        The Secretary moves to dismiss Kuhl's claims under the Lilly Ledbetter Fair Pay Act

26   because that statute merely amended Title VII of the Civil Rights Act to alter the statute of

27   limitations for certain claims, and Kuhl has not alleged exhaustion of administrative remedies as

28   required by Title VII. ECF No. 51 at 5–6.

United States District Court
Northern District of California

1    The Secretary moves to dismiss Kuhl's claims under the Equal Pay Act on the basis that

2    she only alleges a difference in pay as compared to male colleagues in her first claim, and that

3    claim concerns her employment through 2008—well before the Equal Pay Act's three-year statute

4    of limitations for a willful violation.  *Id.* at 6–7.  In a footnote, the Secretary asserts that Kuhl's

5    failure to exhaust administrative remedies also warrants dismissal of this claim.  *Id.* at 7 n.4.

6    The Secretary moves to dismiss Kuhl's claims under the Civil Service Reform Act because

7    that statute does not allow a plaintiff to pursue a claim in district court, as opposed to through the

8    Merit Systems Protection Board (with review by the Federal Circuit).  *Id.* at 7–8.

9    The Secretary argues that "CFR Title 38 7405" does not exist, and that if Kuhl intended to

10   reference 38 U.S.C. § 7405, that statute simply authorizes the VA to hire physicians using

11   different forms of appointment, and does not allow a plaintiff to pursue a civil action against the

12   Secretary.  *Id.* at 8.  Finally, the Secretary contends in a footnote that Kuhl has failed to identify

13   any "VA retirement policy" that has been violated or that could support a cause of action.  *Id.* at 8

14   n.5.

15   ### 2.    Kuhl's Opposition

16   After Kuhl initially missed the June 5, 2025 deadline to file her opposition brief, the

17   Secretary filed a reply noting her failure to oppose, ECF No. 52, and Kuhl later requested an

18   extension, ECF No. 53, the Court extended the deadline to July 10, 2025.  ECF No. 54.

19   Kuhl's opposition brief filed that day is a largely verbatim copy of her Second Amended

20   Complaint.  ECF No. 55.  It differs from the Second Amended Complaint in that it identifies

21   certain male colleagues by name in Kuhl's first claim, *id.* at 2, asserts in her second claim that

22   Kuhl has emails documenting that she was the only researcher who did not receive paid time for

23   her research, *id.* at 3, and adds the following passage to her Statement of Facts:

24            My OVERALL CLAIM is unequal pay and benefits, initially at
             Sacramento VA, but subsequently. I did file EEO in 2006 and 2007
25           or 8, regarding Dr Siegel, chief of medicine's actions including
             fraudulent allegations. I contacted Dr O'Neill, chief of staff who
26           became director in 2007, regarding a fraudulent evaluation by Dr
             Siegel who was not my supervisor at the time. Dr O'Neill said that
27           there was no equal pay for equal work for title 38, that it depended
             on your negotiation skills. The claim would be relieved by back pay
28           for clinical care, research and teaching time commensurate with my

United States District Court
Northern District of California

1

2

colleagues such as Dr William MacKenzie, Dr Raymond Byun, Dr Anthony Albanese, Dr Suzanne Teuber, Dr Thuy-Trang Dang, and more recent hires such as Dr Archana Maniar, Dr Teresa Neeno, Dr Ronald Renard.

3

4

I was recently able to recover some emails from my old laptop, but the VA again deleted them in May before I could recover all of them.

5

6

7

I did again file an appeal with the EEOC on June 13 regarding Equal Pay Act and Lily Ledbetter fair pay act. I continue to be scheduled two days per week, with only 0.25 FTE approved. My understanding is that my retirement and benefits are based on 0.25 FTE instead of the 0.5 FTE scheduled.

8    *Id.* at 2.

9    At 1:01 AM on July 11, 2025 (the day after the extended deadline), Kuhl filed another

10   copy of her opposition brief attaching various documents.  This is not the first time that Kuhl has

11   missed deadlines in this case.  *See, e.g.*, ECF Nos. 14 (request for extension, acknowledging

12   missed deadline for opposition), 15 (order extending time for opposition), 30 (belated motion to

13   extend time), 31 (Order noting that ECF No. 30 was late, but allowing a subsequent request for an

14   extension), 35 (FAC, filed one day after the extended deadline), 36 (second version of FAC, also

15   filed late), 49 (Order discussing late FAC, at p. 3), 53 (acknowledgment of missed deadline for

16   opposition brief).  The Court disregards the second copy of the opposition brief as filed too late.

17   Even if the Court were to excuse its tardiness, Kuhl's opposition brief does not explain the

18   relevance of any of the documents attached or why the Court should consider them, and they

19   would not alter the outcome of the present Motion.

20   **3.    The Secretary's Reply**

21   The Secretary's second reply brief (as noted above, the Secretary first filed a reply before

22   Kuhl obtained an extension for her opposition brief, ECF No. 52) observes that Kuhl's opposition

23   is largely identical to her Second Amended Complaint.  ECF No. 57.  As for Kuhl's new

24   assertions of recent EEO proceedings, the Secretary argues that Kuhl cannot rely on factual

25   allegations outside of the Second Amended Complaint to oppose a motion to dismiss, and that

26   even if the Court considered them, they do not show that she exhausted administrative remedies

27   (much less that she did so before bringing her claims).  *Id.* at 2–3.

28

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1      **III.    LEGAL STANDARD**

2              A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

3      "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

4      cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019)

5      (citation and internal quotation marks omitted).  A complaint generally must include a "short and

6      plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

7              A court reviewing a 12(b)(6) motion must "accept all factual allegations in the complaint

8      as true and construe the pleadings in the light most favorable to the nonmoving party."  *Outdoor*

9      *Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  "Threadbare recitals

10     of the elements of a cause of action . . . do not suffice," however, and a court need not credit "legal

11     conclusions" or "mere conclusory statements."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79

12     (2009).  The allegations in the complaint "must be enough to raise a right to relief above the

13     speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must

14     demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the

15     reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

16     678.  When the complaint has been filed by a pro se plaintiff, a court must "construe the

17     pleadings liberally and . . . afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627

18     F.3d 338, 342 (9th Cir. 2010) (citation omitted).

19             A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint,

20     with the exception of materials incorporated by reference in a complaint or materials subject to

21     judicial notice.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

22     A court generally should not dismiss a complaint with prejudice under Rule 12(b)(6) unless it is

23     clear the complaint cannot be saved by any amendment.  *See United States v. Corinthian Colleges*,

24     655 F.3d 984, 995 (9th Cir. 2011).  "[L]eave to amend should be freely granted 'when justice so

25     requires.'"  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).

26     Generally, leave to amend may be denied only if allowing the amendment would unduly prejudice

27     the defendant, cause undue delay, or be futile, or if the plaintiff has acted in bad faith.  *Leadsinger,*

28     *Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IV.     ANALYSIS

      A.     **Lilly Ledbetter Fair Pay Act**

All five of Kuhl's claims assert violations of the Lilly Ledbetter Fair Pay Act.  As the Secretary correctly argues, that law merely "define[s] when an unlawful employment practice occurs with respect to discriminatory compensation" for the purpose of a Title VII claim, and "did not create a new federal cause of action."  *Fuller v. Maricopa Cty. Cmty. Coll. Dist.*, No. 2:10-cv-00288 JWS, 2012 WL 1413167, at *4 (D. Ariz. Apr. 24, 2012); *see also, e.g.*, *Black v. Barrett Bus. Servs., Inc.*, No. 1:18-cv-00096-CWD, 2019 WL 2250263, at *12 (D. Idaho May 23, 2019) ("In 2009, Title VII was amended by the Lilly Ledbetter Fair Pay Act . . . to provide that each time a plaintiff receives a discriminatory paycheck, the clock for filing a Title VII wage claim begins to run anew." (cleaned up)).

As the Court has addressed multiple times in this case, a "federal employee must exhaust administrative remedies before bringing a Title VII claim in federal court."  ECF No. 49 at 10; *see also* ECF No. 29 at 9–10.  The employee must contact an EEO counselor within forty-five days of an alleged incident of discrimination, may then file a formal EEO complaint, and "[i]f the matter is not resolved after the agency issues its final decision, the employee may either: (1) file directly in federal court within 90 days, *id.* [29 C.F.R.] § 1614.407(a), or (2) appeal through the EEOC within 30 days, *id.* §§ 1614.401(a), 1614.402(a)."  ECF No. 49 at 10 (quoting v *Williams v. Wolf*, No. 19-cv-00652-JCS, 2019 WL 6311381, at *5 (N.D. Cal. Nov. 25, 2019)).  If an employee appeals to the EEOC, the employee may file a claim in federal court "[w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal; or . . . [a]fter 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the [EEOC]."  29 C.F.R. § 1614.407(c)–(d).

Aside from a reference to having "filed EEO twice" in connection with her 1998 through 2008 employment as an allergy and infectious disease specialist, SAC at 2—which was long before any applicable limitations period[5]—Kuhl's Second Amended Complaint does not include any allegations related to exhaustion of administrative remedies.  On the present Motion, the Court

---

[5] The same is true of assertions in Kuhl's opposition brief that she "did file EEO in 2006 and 2007 or 8."  ECF No. 55 at 2.

1   cannot consider allegations in Kuhl's original Complaint regarding EEO contact in 2019,

2   "[b]ecause after amendment the original pleading no longer performs any function and is treated

3   thereafter as non-existent."  ECF No. 49 at 9 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

4   (9th Cir. 1992)).  Even if it could, Kuhl has not alleged in her Second Amended Complaint, or in

5   any earlier complaint, that she received a discriminatory paycheck within forty-five days before

6   her contact with an EEO counselor in 2019.

7          Nor can the Court consider Kuhl's assertions in her opposition brief that she "did again file

8   an appeal with the EEOC on June 13 regarding [the] Equal Pay Act and Lil[l]y Ledbetter [F]air

9   [P]ay [A]ct."  ECF No. 55 at 2.  The Ninth Circuit has made clear that "'new' allegations

10   contained in [an] opposition . . . are irrelevant for Rule 12(b)(6) purposes," because a court

11   considering such a motion "*may not* look beyond the complaint to a plaintiff's moving papers,

12   such as a memorandum in opposition to a defendant's motion to dismiss."  *Schneider v. Cal. Dep't*

13   *of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998).  Even if the Court could consider those assertions,

14   they appear to reflect administrative action *after* Kuhl filed her Second Amended Complaint in

15   early May, but "the law requires that claimants in such disputes seek an administrative resolution

16   . . . *before* filing their claims in federal court.  *Vinieratos v. U.S. Dep't of Air Force ex rel.*

17   *Aldridge*, 939 F.2d 762, 775 (9th Cir. 1991) (emphasis added).  Moreover, Kuhl does not claim

18   that the EEOC has reached a final decision on her recent appeal, nor that 180 days elapsed from

19   when she filed it without the EEOC reaching such a decision.  *See* 29 C.F.R. § 1614.407(c)–(d).

20          The Secretary's Motion is therefore GRANTED as to Kuhl's Lilly Ledbetter Fair Pay Act

21   claims, which are a form of Title VII claims, and are DISMISSED for failure to comply with that

22   statute's administrative exhaustion requirements.

23          **B.**    **Equal Pay Act**

24          The Equal Pay Act prohibits paying employees less than other "employees of the opposite

25   sex" are paid "for equal work" of materially similar skill, effort, responsibility, and conditions.  29

26   U.S.C. § 206(d)(1).

27          Kuhl's conclusory assertion that she was paid less than certain male colleagues, without

28   any meaningful explanation of those colleagues' job duties or how they compared to her own, is

United States District Court
Northern District of California

1    likely insufficient to state a claim under the Equal Pay Act.  *See Cozzi v. County of Marin*, No. 18-

2    cv-07830-JSW, 2019 WL 13201175, at \*2–3 (N.D. Cal. Aug. 16, 2019) (citing, *e.g.*, *E.E.O.C. v.*

3    *Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 256 (2d Cir. 2014); *Forsberg v. Pac. N.W. Bell Tel. Co.*,

4    840 F.2d 1409, 1414 (9th Cir. 1988)).

5         Even setting that issue of specificity aside, Kuhl asserts that male colleagues received

6    greater compensation than her *only* in the context of "Claim 1," which is limited to a period of

7    employment that ended in 2008.  SAC at 2.  As the Secretary correctly notes in his Motion, the

8    statute of limitations for an Equal Pay Act claim is either two or three years, depending on whether

9    the violation is "willful."  *Delima v. Home Depot U.S.A., Inc.*, 616 F. Supp. 2d 1055, 1082 (D. Or.

10   2008) (citing 29 U.S.C. §§ 219, 255); *see* ECF No. 51 at 7.  Either of those deadlines expired long

11   ago for the employment period at issue.  Kuhl does not address that issue in her opposition brief.

12        The Secretary's Motion is therefore GRANTED as to Kuhl's claims under the Equal Pay

13   Act, which are DISMISSED as untimely with respect to "Claim 1," and for failure to allege any

14   pay disparity based on sex with respect to all other claims.

15        **C.    Other Claims**

16        Kuhl's Second Amended Complaint also cites the Civil Service Reform Act of 1978

17   (CSRA), "CFR Title 38 7405," and "VA retirement policy."  *See generally* SAC.

18        As the Secretary notes in his Motion, the Supreme Court has held that the CSRA does not

19   provide a cause of action for a plaintiff to bring a claim in a district court.  "Given the painstaking

20   detail with which the CSRA sets out the method for covered employees to obtain [administrative]

21   review of adverse employment actions, it is fairly discernible that Congress intended to deny such

22   employees an additional avenue of review in district court."  *Elgin v. Dep't of Treasury*, 567 U.S.

23   1, 11–12 (2012).[6]  Kuhl does not address this issue in her opposition brief.

24        The Secretary also correctly notes that "CFR Title 38 7405" (presumably meaning 38

25

26   _____
     [6] Some recent decisions by lower courts have considered whether district courts might have
27   jurisdiction over CSRA claims if administrative avenues for such claims have been obstructed or
     are not functioning as Congress intended.  *E.g.*, *Nat'l Ass'n of Immigr. Judges v. Owen*, 139 F.4th
28   293, 304–08 (4th Cir. 2025).  Kuhl has raised no such argument here.

United States District Court
Northern District of California

1    C.F.R. § 7405) does not exist, that 38 U.S.C. § 7405 (if that was what Kuhl intended to cite)

2    merely grants the Secretary authority to hire certain employees on various bases of compensation

3    and does not provide for any cause of action, and that Kuhl has not identified any relevant VA

4    retirement policy or legal basis for enforcing such a policy in this Court.  Kuhl does not address

5    any of those arguments.

6          The Secretary's Motion is therefore GRANTED as to Kuhl's remaining claims.

7          **D.    Leave to Amend**

8          As noted above, the Court should not deny leave to amend unless (among other potential

9    grounds) further leave to amend would be futile.  Kuhl's repeated failure to state a claim on which

10   relief may be granted, viewed in conjunction with her failure to address most of the arguments

11   raised in the Secretary's present Motion, suggests that further leave to amend may be futile.

12         In an abundance of caution, however, the Court will allow Kuhl to file a motion, consistent

13   with Civil Local Rule 7-2, seeking leave to amend if she believes that amendment would not be

14   futile.  If Kuhl files such a motion, it must attach a proposed third amended complaint as an

15   exhibit, and the motion must explain why that complaint states a claim on which relief may be

16   granted.  Such explanation must at least include, but need not be limited to: (1) whether each of

17   the laws on which the proposed complaint relies allows a plaintiff to bring a civil action in this

18   Court; (2) whether Kuhl has sufficiently alleged exhaustion of any necessary administrative

19   remedies; (3) whether each claim has been filed on time, within the applicable statute of

20   limitations; and (4) whether the proposed complaint includes sufficient factual allegations to

21   support a plausible inference of liability.

22         Any such motion must be filed no later than September 9, 2025.  The Secretary shall file

23   an opposition brief (or statement of non-opposition) no later than fourteen days after the motion is

24   filed.  Civ. L.R. 7-3(a).  Kuhl may file a reply no later than seven days after the Secretary's

25   opposition is due.  Civ. L.R. 7-3(c).

26         If Kuhl does not file such a motion, or her motion does not demonstrate that leave to

27   amend would not be futile, the Court will dismiss this action without prejudice to any claims that

28   Kuhl is currently pursuing through administrative proceedings or for which the time to initiate

United States District Court
Northern District of California

<div style="float:left">United States District Court<br>Northern District of California</div>

1 mandatory administrative proceedings has not yet expired (including any subsequent action for

2 review of an administrative decision), but with prejudice as to all other claims Kuhl has asserted in

3 this Court.

4 **V.     CONCLUSION**

5        For the reasons discussed above, the Secretary's Motion is GRANTED, and Kuhl's Second

6 Amended Complaint is DISMISSED.  If Kuhl wishes to pursue this action further, she must file a

7 motion for leave to amend no later than September 9, 2025.

8        **IT IS SO ORDERED.**

9 Dated: August 19, 2025

LISA J. CISNEROS
United States Magistrate Judge