UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARAH J KUHL,

Plaintiff,

v.

DOUGLAS COLLINS,

Defendant.

Case No.  23-cv-05604-LJC

**ORDER STRIKING AMENDED COMPLAINT AND DENYING MOTION FOR LEAVE TO AMEND**

Re: Dkt. No. 60

The Court has previously granted three motions to dismiss, in whole or in part, pro se Plaintiff Dr. Sarah Kuhl's complaints regarding her employment at the Department of Veterans of Affairs.  ECF Nos. 29, 49, 59.  Rather than grant leave to file a third amended complaint (i.e., a fourth complaint, when counting Kuhl's original Complaint), the last of those Orders determined that further leave to amend would likely be futile, and provided a final opportunity for Kuhl to seek such leave as follows:

> In an abundance of caution, however, the Court will allow Kuhl to file a motion, consistent with Civil Local Rule 7-2, seeking leave to amend if she believes that amendment would not be futile. If Kuhl files such a motion, it must attach a proposed third amended complaint as an exhibit, and the motion must explain why that complaint states a claim on which relief may be granted. Such explanation must at least include, but need not be limited to: (1) whether each of the laws on which the proposed complaint relies allows a plaintiff to bring a civil action in this Court; (2) whether Kuhl has sufficiently alleged exhaustion of any necessary administrative remedies; (3) whether each claim has been filed on time, within the applicable statute of limitations; and (4) whether the proposed complaint includes sufficient factual allegations to support a plausible inference of liability.

> Any such motion must be filed no later than September 9, 2025. The Secretary shall file an opposition brief (or statement of non-opposition) no later than fourteen days after the motion is filed. Civ. L.R. 7-3(a). Kuhl may file a reply no later than seven days after the

Secretary's opposition is due. Civ. L.R. 7-3(c).

If Kuhl does not file such a motion, or her motion does not demonstrate that leave to amend would not be futile, the Court will dismiss this action without prejudice to any claims that Kuhl is currently pursuing through administrative proceedings or for which the time to initiate mandatory administrative proceedings has not yet expired (including any subsequent action for review of an administrative decision), but with prejudice as to all other claims Kuhl has asserted in this Court.

ECF No. 59 at 11–12.

Kuhl filed a motion that included various assertions about the facts of the case, but no proposed third amended complaint as required by the Court's Order, thus limiting the ability of Defendant Douglas Collins, the Secretary of Veterans Affairs (the Secretary), to respond and address whether leave to amend would be futile. ECF No. 60. Kuhl also filed her motion one day late, despite many previous tardy filings and warnings against further failure to comply with deadlines. *See* ECF No. 59 at 5–6 (recounting Kuhl's history of missed deadlines, and declining to consider an untimely revised copy of an opposition brief). The Secretary opposed Kuhl's motion, noting her failure to attach an amended complaint and to comply with other instructions in the previous Order. ECF No. 61. Kuhl filed an "Amended Complaint" one week after the Secretary filed his opposition, ECF No. 62, and a reply brief one day after that, ECF No. 63.[1] Kuhl's latest amended complaint bears the same signature date as her May 8, 2025 second amended complaint, and is nearly identical to that previous complaint with only minor changes. *See* ECF No. 62 at 5; *compare* ECF No. 62 *with* ECF No. 50. Given the long history of this case, Kuhl's procedural defects in failing to file her motion on time, failing to attach a proposed amended complaint at that time, and filing only a rehashed version of a previously-dismissed complaint without updating the signature date, are sufficient in themselves to deny leave to amend.

Even if the Court were to consider the merits of Kuhl's arguments and the allegations of her latest "Amended Complaint" (which the Court construes as a proposed third amended complaint), the Court would deny leave to amend.

---

[1] Kuhl's reply does not include useful arguments regarding her claims and thus is not addressed in the Court's analysis below. The reply notes that Kuhl is facing potentially serious health issues, for which the Court extends its sympathies.

2

### A.    Claim 1

The first claim in Kuhl's latest complaint is that she did not receive the same pay and benefits as others from December 8, 1998 to May 8, 2008, when her position was not renewed. ECF No. 62 at 2.  "Subsequently, [she] was not selected for positions for which [she] was more qualified than other applicants." *Id.*  She contends that violated the "Equal Pay Act, and since 2009, the Lily [sic] Ledbetter Fair Pay Act." *Id.*

To the extent Kuhl brings a claim based on the Lilly Ledbetter Fair Pay Act, that is a form of Title VII claim that requires administrative exhaustion, which "the Court has addressed multiple times in this case" and Kuhl has once again failed to allege.  *See* ECF No. 59 at 8–9.  To the extent Kuhl brings a claim under the Equal Pay Act, she has offered no basis to revisit the Court's previous conclusion that that law's two- or three-year limitations period has long expired with respect to employment that ended in 2008.  *Id.* at 9–10.

This claim is almost word-for-word identical to the first claim of Kuhl's previous Second Amended Complaint except that it deletes a reference to the Civil Service Reform Act.  *See* ECF No. 50 at 2.  The Court previously dismissed that complaint, ECF No. 59, and Kuhl's mere refiling of essentially the same first claim does not demonstrate that leave to amend would be fruitful.

Nor do her arguments in her motion for leave to amend regarding this claim meaningfully address these defects.  Kuhl does not address the statute of limitations for the Equal Pay Act, and her only reference to exhaustion is an assertion that she "filed EEO twice against Dr. Siegel," with no discussion of when she pursued that process, what claims she asserted (and whether they relate to the allegations of this first claim), or how the process concluded.  As the Court previously noted, any administrative proceedings during her employment that ended in 2008 would also be "long before any applicable limitations period."  ECF No. 59 at 8 & n.5.

### B.    Claim 2

Claim 2 concerns Kuhl's inability to obtain paid research time.  ECF No. 62 at 2–3.  It is identical to Claim 2 in her previous complaint except that it attributes the denial of research to a Dr. Siegel rather than leaving the actor unspecified, and it adds a note that "it would be helpful to

United States District Court
Northern District of California

3

now get research time." *See id.*; ECF No. 50 at 2–3. As with the previous complaint, Kuhl asserts this claim under the Equal Pay Act and the Lilly Ledbetter Fair Pay Act. ECF No. 62 at 3.

As noted in the Court's previous Order dismissing this claim, Kuhl cannot proceed under the Lilly Ledbetter Fair Pay Act without establishing administrative exhaustion (which she still has not alleged), *see* ECF No. 59 at 8–9, and she must plausibly allege a pay disparity as compared to similarly situated male colleagues (which she still has not done) to state a claim under the Equal Pay Act, *id.* at 9–10. Kuhl has not shown that she could amend to cure those defects. Her motion for leave to amend also clarified that this claim concerns events in 2008 and 2009, and appears to concede that the "[s]tatute of limitations expired." ECF No. 60 at 2–3.

### C.    Claim 3

This claim concerns Kuhl's clinics from 2008 to 2017, where she asserts that she was wrongfully classified as a fee-basis rather than part-time. ECF No. 62 at 3. Kuhl alleges violations of the Equal Pay Act, Lilly Ledbetter Fair Pay Act, and "CFR Title 38 7401 and 7405." *Id.* The claim is substantially identical to Claim 3 in her previous complaint, ECF No. 50 at 3, except that she has added the reference to section 7401 and the following discussion of two other doctors:

> Teresa Neeno MD in Martinez and Ronald Renard MD in Redding were hired at approximately $225,000 0.3 FTE in 2019. Neeno's FTE grew rapidly to 0.6 FTE with the massive amounts of nursing assistance she was given.

ECF No. 62 at 3.

Kuhl has not alleged facts regarding Neeno and Renard's roles to show that they performed substantially similar work. Nor has she addressed her level of pay, as would be necessary to show they were paid more. Further, Teresa Neeno is presumably also female, so Neeno being paid more than Kuhl would not evince the sort of sex discrimination addressed by the Equal Pay Act, nor is there any evidence that Neeno was a member of some other protected class for the purpose of Title VII (as amended by the Lilly Ledbetter Fair Pay Act). These allegations do not alter the grounds for dismissal of Kuhl's Equal Pay Act and Lilly Ledbetter Fair Pay Act claims set forth in the Court's previous Order.

United States District Court
Northern District of California

4

In her motion, Kuhl asserts that she was paid less than a Dr. Teuber.  ECF No. 60 at 3.  Arguments in a motion are not a substitute for allegations in a complaint, and even if Kuhl had included these assertions in her proposed complaint, she offers no facts to indicate that her role was substantially similar to Dr. Teuber's role.

As for the regulatory provisions Kuhl cites, the Court previously noted that "CFR Title 38 7405" does not exist in the Code of Federal Regulations, and 38 U.S.C. § 7405 does not provide for any cause of action.  ECF No. 59 at 10–11.  The same is true of the new section Kuhl cites: there is no such regulatory provision as 38 C.F.R. § 7401, and the statutory section 38 U.S.C. § 7401 discusses the Secretary's appointment authority without providing any cause of action.

Kuhl therefore has not shown that she could amend Claim 3.

### D.    Claim 4

Kuhl's fourth claim is word-for-word identical to the fourth claim in her previous complaint, which the Court dismissed.  *Compare* ECF No. 62 at 3 *with* ECF No. 50 at 3.  The discussion of Claim 4 in her motion is virtually identical to the allegations in both complaints, except that it states her rate of pay and omits a reference to a nonexistent regulatory provision.  ECF No. 60 at 4.  Kuhl has not shown that she could amend this claim to cure the defects identified in the previous Order.

### E.    Claim 5

Kuhl's fifth claim is also nearly identical to the version in her previous complaint.  *Compare* ECF No. 62 at 3–4 with ECF No. 50 at 3–4.  As discussed in the Court's previous Order:

> In her fifth and final claim, Kuhl asserts that her "part-time position in urgent care from 2016 should have been permanent part time, similar to [the] male provider who took 0.75 of the position." [ECF No. 50 at 3–4.] Kuhl's position is considered only 0.25 full-time equivalent (FTE) even though she has "worked 0.5 FTE or more from the pandemic in 2020 until recently." *Id.* She has only once received a bonus for the actual time she worked, and she believes that her retirement benefits will be based on the lesser listed FTE value rather than her actual time worked. *Id.* A human resources employee, Crystal Keeler, "would not give [Kuhl] the position number and falsely claimed [she] did not compete for the position." *Id.* Keeler also started Kuhl at Step 1 (presumably referring to government salary ratings) when Kuhl started in that position in 2016, even though Keeler was aware of Kuhl's previous service. *Id.* at 4. Kuhl learned of that that issue in 2020 and it "was partially corrected in 2022." *Id.*

United States District Court
Northern District of California

5

> Kuhl asserts violations of the "Equal Pay Act, Lil[l]y Ledbetter Fair Pay Act, and VA retirement policy." *Id.*

ECF No. 59 at 5 (brackets within quotation marks in original).

The Court dismissed Kuhl's Lilly Ledbetter Fair Pay Act claims for failure to allege administrative exhaustion, and her Equal Pay Act claims for failure to identify similarly situated male employees who were paid more that Kuhl for the same work. *Id.* at 8–10. The Court dismissed her claim to the extent brought under "VA retirement policy" because "Kuhl has not identified any relevant VA retirement policy or legal basis for enforcing such a policy in this Court." *Id.* at 11.

The only change to this claim in Kuhl's new proposed complaint is an explanation of why she believes she will not receive retirement compensation commensurate with all of the time that she worked. ECF No. 62 at 4. Kuhl still has not "identified any . . . legal basis for enforcing such a policy in this Court." *See* ECF No. 59 at 11.

In her motion for leave to amend, Kuhl also asserts that this claim "was part of the EEOC claim in 2019 and filed timely." ECF No. 60 at 4. The motion does not include sufficient factual assertions regarding the 2019 EEOC claim to support a plausible inference that she exhausted administrative remedies, and even if it did, the Court has repeatedly admonished Kuhl that she cannot rely on assertions outside of a complaint to fill gaps in the allegations necessary to state a claim for relief. *See* ECF No. 59 at 8–9 (discussing allegations in a previously dismissed complaint and in an opposition brief). Kuhl has still failed to comply with the rules requiring her to include relevant allegations *in her current complaint*, and there is no reason at this point to think that she would do so if given another opportunity. Kuhl therefore has not shown that she could amend Claim 5 to state a viable claim.

Kuhl's motion for leave to amend is DENIED, for failure to show that further leave to amend would not be futile. To the extent Kuhl's latest complaint could be construed as having been filed as an operative complaint rather than a proposed amended complaint consistent with this Court's previous Order, it is STRICKEN for having been filed without leave. For the reasons stated in the Court's previous Order dismissing Kuhl's last properly filed Complaint, this case is DISMISSED "without prejudice to any claims that Kuhl is currently pursuing through

United States District Court
Northern District of California

United States District Court
Northern District of California

administrative proceedings or for which the time to initiate mandatory administrative proceedings has not yet expired (including any subsequent action for review of an administrative decision), but with prejudice as to all other claims Kuhl has asserted in this Court." ECF No. 59 at 11–12.

The Clerk is instructed to close the case and enter judgment in favor of the Secretary.

**IT IS SO ORDERED.**

Dated: April 8, 2026

LISA J. CISNEROS
United States Magistrate Judge